This is our next case of the day. It is 4-110-288 Estate of Wade. This is the Mercantile Trust for the appellant, Ms. Barr, for the athlete, Mr. Hanson. You may proceed.  I am Susan Wade Barr, the petitioner in this case, and am representing myself in this appeal, although I was represented by counsel in the lower court, Stanley L. Tucker. I would like to take this opportunity to thank you for granting my motion as a licensed attorney in Alabama to speak to you today. This is a probate matter involving a will and trust contest, a torturous interference claim, and an injunction petition to preserve property in my father's 2001 revocable trust. I am also the decedent's only child and heir. It is this injunction petition with the various list pendants that have been placed on the various real properties, a petition to intervene a corporation by the respondent trustee, and three motions to sell property in the trust. These are all at the heart of this appeal today. The lower court, within 14 days, in two separate rulings by two different judges, granted the petition to intervene. They ordered me to release the list pendants that was on the manufacturing property titled In Nature House Incorporated. The first judge, Judge Mays, recused himself because of financial holdings in the trustee's bank after he had been overseeing the entire probate matter for three years. The second judge, Judge Legowski, after only five days of being appointed, she denied my post-judgment motion, she released the list pendants, and held me in contempt of court. The two orders of March 18th... She didn't actually hold you in contempt, did she? She did. She set up a rule to show cause and that you never... No, in the hearing, in the actual hearing, she did hold me in contempt of court, and it was on the front page of the county paper that week too, that she had held me in contempt of court. Well, we believe records as opposed to newspapers. Right, I know. What we find is that... It made it my contempt that she had declared on the 5th of April moot because of this appeal. So if I look in the record, on April 5th, there's going to be a finding that you are in contempt. If you are in contempt, what would be the purpose of having a rule to show cause hearing? Which was scheduled for the 7th and then moved to the 11th, and then it was never heard. Right. Because the trial judge said a petition... Well, we know... The hearing was moot. The hearing was held, but it was moot because I had placed this appeal. You may proceed. The two orders of March 18th and April 5th are the orders being appealed, and neither judge, Mays nor Judge Legowski, approved the sale of the manufacturing facility as claimed by Mr. Hanson on both pages 2 and 12 of his brief. Although there are numerous issues involved in this, I want to just comment briefly on four things that I consider to be the most critical. Did the lower court have proper jurisdiction over the intervener to grant its motion to remove the Liz Pendens? Whether the Liz Pendens on the facility was properly recorded, and whether it was an abuse of discretion to release the Liz Pendens. Whether this court has jurisdiction under Supreme Court Rule 304B1, and whether res judicata precludes intervention of Nature House, and thus the removal of the Liz Pendens. Complaints and petitions invoke certain things that are not part of a motion. For example, the right to answer. For example, the need to state a cause of action under existing law. For example, the right to discovery. And perhaps even the right to a jury trial. Receiving a motion and going to hearing on it 11 days later is vastly different than having a party file a complaint or petition against you. Aren't we entitled to some notice of the import of what they are claiming by naming it either a complaint or a petition or a counterclaim? Aren't I entitled to some consideration here? Walking in and filing a motion that's going to be heard in 11 days. Are you saying that you didn't know what the hearing was going to concern? It was going to, no. I'm not saying that. I'm saying that the hearing was going to, well, first of all, there were two motions to sell the property that were done within one, I believe it was in two weeks of each other. First, the trustee filed a motion to sell a property owned by Nature House on, I think it was February the 28th. Then, on like March 12th or 13th, that was when they filed their petition to intervene. And filed the exact same motion to sell property owned by Nature House. Now, why in this two weeks? So, we knew what we were going to be, but there was no evidence whatsoever presented at that hearing on March 18th. None whatsoever. And neither of the motions to sell were granted? No, but the motion was to release the Liz pendants that was on the property and to sell the property. The court released the Liz pendants, but would not give approval for the sale. Let me digress just for a moment and speak to the comments I made about Judge Legowski not being bound by the prior rulings. Both myself as petitioner and Judge Legowski were put in an untenable situation. The fact is that this case had been before Judge Mays for nearly three years. And I mean no respect to either Judge Mays or Judge Legowski. But Judge Mays' recusal came right at a time that extremely prejudiced me, the petitioner. Within days of his ruling that I must, ordering me to release the Liz pendants, he recused himself. I had filed a post-judgment motion the day before he recused himself. The strongest basis for my post-judgment motion was that there had been no evidence presented at the trial. No testimony, no sworn affidavits as to the facts that were in their motion to sell. We can't even say that his decision was contrary to the evidence, because there was no evidence at all presented. The record speaks the absolute truth. And I'll review, this court needs to examine, not merely whether the court's order represented an abuse of discretion, but rather whether regarding that order substantial justice is being done between the parties. On page 39 of my brief, I have listed several comments of Judge Legowski from the hearing of April 5th. She says, and I'm just two short quotes, I cannot get into Judge Mays' head. And it is my belief that whatever his reasons were, either the appellate court will like them or they wouldn't, but they were based on his knowledge of it and I'm not going to undo that. I'm not going to start over. Then she says it is impossible for me to go back and figure out why Judge Mays did what he did. The main reason that she could not get into his head and figure out why he had ruled the way he did was because there was nothing in the record to support his decision. Nothing. There is no way she could look at this voluminous record of four years, in four days time, to decide my post-judgment motion. The intervener moved with such haste to get this release of the Liz Pendens, including ex parte communications with Judge Legowski the day she was appointed, and sending her documents to review without them being provided to the petitioner. And to this day we have no idea what those documents were that she reviewed before she made her ruling on April the 5th. The recording of the Liz Pendens was not done with any malice. Judge Mays ruled on their very first motion of July of 2009, they moved to sell all the property owned by Nature House. The trustee moved. And the judge denied that motion at that time. And he said that if at a later time they did want to sell anything, they would have to do something to answer my injunction petition, before being able to go forward. It was because that he denied the motion to sell at that time, that I went and filed the Liz Pendens on the manufacturing property. I had already filed the Liz Pendens on other properties owned by Nature House. The trustee did not object. They said nothing about the fact that these other Liz Pendens were on properties which we call Perry Springs and Wade Marsh. They were also owned by Nature House. So... If the trial court told the trustee, if you want approval within the confines of a probate proceeding, you are going to have to do more. And you are on notice that there is an injunction against you that hasn't been heard, but has been filed. And I think he said something like, it doesn't sound like a very good idea for you to be going forward. Right, he did. That's exactly what he did. What was the purpose of the Liz Pendens? The Liz Pendens was to protect the property and to keep it in the trust. I am his only child. If I win my will and trust contest, which is the basis for my injunction petition to keep all this property that my father owned from being sold, if I win the will and trust contest and all that property is gone, there isn't anything I can do. Given the course of the litigation, do you think the trustee is going to go forward and sell it? Oh, there is no doubt in my mind. Then why hasn't it been sold? Because the purchaser that they had at that particular time backed out because of the Liz Pendens that I had placed on the property. The Liz Pendens is gone. It is now, but they also wanted the court to approve the sale. But the court didn't. And the court didn't. Therefore, they backed out of the purchase. They would not go forward because they could not get clear title to the property. They being the prospective buyer. Buyer, that's correct. That's the fish. That's the big river fish. That's correct. They say that I improperly filed, the trustee says that I improperly filed that Liz Pendens. As I said, I only did it after the judge ruled, Judge Mays ruled that denied their first motion to sell. And I wanted to protect this property. As so many of the Liz Pendens cases say, the Liz Pendens is my actual adequate remedy at law. More than the injunction petition. The purpose of the Liz Pendens is to protect the prospective purchasers. Not the sellers. And it's to avoid endless litigation on these property rights. And this is exactly what is continuing. It's because we are having endless litigation as to who has the right to sell that property. The trustee, Nature House is controlled, the board of directors is controlled by the trustees. They have two members sitting on the three member board. They can't proceed with selling anything without the trustees approval. So why was it necessary for Nature House to even be brought in as a party? I thought you moved to add them as a party. We did. I don't understand. How can you move to add them as a party, then oppose their petition to intervene? We had, we, my attorney did that at the time, and at the moment that we were thinking of it, well what difference did it make if they were a party or not? Because they're the same entity. Nature House, the trustee owns 74 shares of the 75 shares of stock. They control the board of directors. They're in privity. So there really isn't any necessity to add Nature House to the argument, because there's no reason to add them because they're the same people. They can't, the Nature House can't sell any property without the trustees approval. So it would seem to me it doesn't really make any difference whether you add them or not, so why would you oppose their petition to intervene? Well, it basically, we opposed it because it was res judicata. The judge decided all the parties were the same in 2009, and they were the same this year with the two new motions. There was no change. The trustee did not oppose. They knew of the list pendants I had on Wade Marsh and Perry Springs. They did not oppose those list pendants, which were on Nature House property, in 2009. So here now, almost two years later, they're coming back, and all of a sudden they decide, well maybe we better intervene and do it as Nature House, and I believe that it is because they had already, because of the fact of res judicata, they had already been told not to sell. And they were the same parties. If they wanted to object to my list pendants on the Nature House property, why didn't they do it in 2009 when it was on Nature House property? Thank you. We'll hear from you on rebuttal. Okay. May I please the court, counsel? Your Honors, we're here today on, I believe, one sole matter, and that is the granting of the release of the list pendants that Ms. Barr filed on the third property that was not part of her original injunction petition filed on October 22, 2007. What we have, as Ms. Barr said, there's three pieces of property. There's the Perry Springs property, the Wade Marsh property, and the manufacturing facility. The manufacturing facility list pendants was filed on December 23, 2009, some two years after she filed her original injunction petition and the two list pendants on the other pieces of property. I do not dispute at all with Ms. Barr that she filed those two list pendants on the original pieces of property with her injunction petition. The problem is, for the list pendants statute to apply, three things are required, and the third one is what I'm going to focus on, and that is the property involved must be sufficiently described in the pleadings. What Ms. Barr did was she ran to the recorder's office, filed a list pendants on a piece of property that was never part of her original injunction petition. She never described the property, identified the property, made Nature House, which is the titled owner of the property, a party to that petition. She never moved to amend her petition and never served Nature House. So what she did was she runs out, files this separate list pendants, never describes the property in her petition, and it sits there. What she is talking to you about is why didn't somebody intervene and inject an objection in July of 2009 at a hearing that the trustee had. You can't object to something that hasn't occurred yet. She hadn't filed that list pendants notice. The first time Nature House had indication of that third list pendants notice was when they were on the title search after having entered into a sale to sell the manufacturing facility, and here it shows up. Within, I believe, seven weeks from that time, the petition to intervene is filed because now a right is being effected of theirs with her list pendants clouding the title on that sale. So that is what we asked Judge Mays to release. Release this list pendants, Judge. It has been improperly filed. Ms. Barr, in every pleading along the way, admits she never amended her pleadings, admits she never described the property in her petition for injunction. So it was an improperly filed list pendants notice on the case law and the statute, and there was no notice given to Nature House. So that's one of the arguments in our brief. Is notice required? Well, you can have constructive notice, Your Honor, and Ms. Barr makes a mention of an email in her brief that Mr. Tucker, a counsel in the trial court, sent to me that said there are list pendants on those properties. Yes, I agree. There were list pendants on properties. There was two list pendants that we knew about contained with her original petition for injunction on the Wade Marsh Perry Springs property. Those weren't the properties at issue. So we don't believe there was constructive notice in that regard, and there certainly wasn't actual notice provided by amending the petition and serving Nature House, adding them as a party, and then providing them. I guess even actual notice could have been done by a courtesy copy of the list pendants notice file. Counsel, let me ask you a question. What about the removal of the list pendants notice as a final order or a final resolution of the rights of the party? It is our position in the brief that under Rule 304 it is not, and we make an argument that there is not jurisdiction here for this appeal because that order did not finally determine the right or the status of the party in the estate matter, because all that it contemplated was a future action that Ms. Barr had to take, which is to release the list pendants. It didn't determine whose property it was. That wasn't really at issue. It didn't determine anything in the estate matter. It simply, in my opinion and based on the cases that are cited in the rule, what I see is that a final judgment in the Fourth District case, that Huckabee case, says it's one that fixes absolutely and finally the rights of the parties and disposes entirely of the controversy. I don't think it disposes entirely of the controversy because certainly if you foreshadow what was to take place, say they enter into the sale, Ms. Barr is going to object to that and contest that in her will and trust contest, I'm sure. So it's my opinion, and as we put in the brief, that it did not dispose of the matter entirely. Some of the comments of the judge seems to guess that he thinks you have the power to do sort of what you want under the trust. It's just that he wasn't going to give approval for a sale within the confines of the probate act unless you did something more. But he gives this, I guess, advisory opinion that it seems legally as if you're empowered to do this. So being a practical sort, not wanting this litigation to go on any longer than it already has, I'm going to ask you to go outside the record and tell me whether anything has been sold. No. And I'm going to ask you regarding the future, until the will and trust contest are resolved, is anything going to happen? Or is everything, not stagnant, but litigation appears to be preventing the sale of and preventing the final resolution of an estate? Yes. What's going to happen? Outside the record, there is nothing going on with the other two pieces of property, the marsh and the prairie springs. Regarding future activity, would it be the intent of Nature House and the trustees to see to it that the litigation is, I don't mean this particular appeal, I mean the underlying contest, that is going to be resolved in some way? Yes, ultimately that's what we'd like to have happen. And that's when there will be sale, distribution, division, reporting, all that will occur. Right. Yes. And in that regard... So counsel, your position is we do not have jurisdiction? That's what I state in my brief on the appeal of the release of the list pendants, which is... How about jurisdiction on the question whether the trial court was correct to allow the petition to intervene? Yes, I would say you would. So just on the intervention, if you carry it out further, the intervention... So you'd concede that 304B1 would determine the right of the party, and as much as they can intervene, therefore we would have jurisdiction to at least entertain whether the trial court was correct on the petition to intervene. I think I said that. I think so, because that would finally determine Nature House's right as to the piece of property that could be disposed of in that will and trust contest, because they are not a party now to the will and trust contest either. Pike County Nature House has never been named. It is not a party there. And I think one item there that's important is that the law says Pike County Nature House is an incorporated business within the state of Illinois. Yes, it has two separate shareholders, but the Bevelheimer case, which I cited, even if one shareholder... The corporation is a corporation. Yes, the trustees could vote all 74 shares under the Business Corporation Act if Nature House moves to liquidate substantially all of their assets. That is not being done in this case. They're trying to liquidate one piece of property, and as such, the Board of Directors makes the resolution, authorizes it as they did. So the trust and trustee are two separate causes here, as I see it, two separate entities. You've got to treat Nature House Inc. as a corporation under the Illinois Business Corporation Act, and they were never made a proper party. Never added, even though Ms. Barr wants to say everyone's the same. As long as I've got the trustee in, I'm okay. Again, to my position, that's not correct, because Pike County Nature House is the title owner of that piece of property that the list of pendants is filed on, and you can see that in the record under the title commitment. The other thing, the intervention, I would state, as stated in the brief, that the intervention was proper. All that is required is that if a party could be adversely affected by disposition of property, they have to file a petition to intervene along with the ground setting forth by a company by a pleading or a motion, as the statute says, and we did that with the motion. And the motion, as the court ruled upon, had nothing to do with the sale. The order said Judge Mays wasn't even touching that. It only had to do with the release of the list of pendants, which he addressed. Lastly, I do not believe, as we stated in our brief, that Judge Legowski is bound to go back and review and change Judge Mays' order. A court certainly can look at an underlying decision from another judge. They're not bound to reverse that, change it, unless they believe there are circumstances that have changed. The circumstance I believe Ms. Barr is alluding to is Judge Mays' disclosure of his stock in Mercantile Bank. I don't think that places on Judge Legowski the requirement that she review or revisit his prior decision. For the reasons stated in our brief, it is our position that the opinions and orders of the trial court to order Ms. Barr to release the list pendants were proper, and that the release of the list pendants order signed by Judge Legowski was proper, and we would ask that those decisions be affirmed. Thank you. From your perspective, while these have different case numbers, do you think that Nature House's motion to intervene simply makes them a party in this matter, and they are not yet a party in the other filed matter? Yes, because the other filed matter is a will contest, a trust contest, and a tortious interference with expectancy claim against individual defendants. I believe they are only a party in the injunction MR case. Thank you. Ms. Barr. First, just let me comment about the Bethelheimer case that he was quoting. That case did not involve a trust. It was just a corporation and 100% owner of the shares. 304B1 says that this appeal can be made if the status of a party to property is involved. Once that piece of property is gone, my father's 1996 will and trust, which is in the record, We can find it. Anyway, it's in the record. And in that, I would be the executor, I would be the trustee, I was to operate my father's business. Without the manufacturing facility, I can't do that. Now, they can say, well, they've sold the manufacturing business. That is true. But my father's work was in conservation for years. My husband and I, my father expected us to come home and continue his work, including his conservation work on Perry Springs and Wade Marsh. If this property is sold, the whole basis of his 1996 will, an irrevocable trust, will be thrown out the window. I won't have a place to operate a business. And I maybe can't get the Purple Martin business back, but I could do other manufacturing that were in the conservation field. Do you agree that this was not named as a unique or irreplaceable part of the estate? I mean, this isn't one of the things that was named in the original petition for injunction. No, I didn't. And I'll be quite honest with the court. When I filed that injunction, it was after the attorney for my father, William Keller, at the Schmiedes-Klatt firm, said a thing that they were going to start getting rid of all the property. This was before I had filed my will and trust contest, and that is why I rushed to put the Liz pendants on. But you didn't put it on this property. But I didn't put it on the manufacturing. I was still reeling from my dad's death. Remember, I had been before this court three times before in guardianship proceedings. I finally, the last year of my father's life, was able to see him and reconnect with him. And his death, at that point in time, the manufacturing business had just been sold six months before he died. I wasn't thinking about what my husband and I were going to do at that moment in time. I didn't realize that the manufacturing business would provide the basis, provide the income, which is what it did for my father, to do the conservation work that he did at Perry Springs and Wade Marsh. The tillable acreage of the land was sold out there at Wade, and so there's basically no income off of that property. Really, that's part of the other case, though. Well, it is, but also the fact that I can't go forward with my father's wishes in his 1996 trust if that manufacturing facility is sold. So what I am asking this court to do is to look at this and to reverse the decision of Judge Legowski and Judge Mays and reinstate the Liz Pendens until of all of the Nature House property. If you look at my father's income tax returns, the majority of his estate is Nature House. I own one share of the stock. It was really never, ever considered a corporation. Except that it was. Well, it was, but it was started by my mother and my father. She owned one share. I inherited her one share. There were only two members of the board of directors. They had to agree on everything, and up until the first trustee took over, that was the way it still was. I was on the board with my father. Everything that we did during the 1970s, 80s, 90s, we did as joint decisions, as partnership. But as a matter of law. As a matter of law. It's a corporation. It's a corporation. Thank you, counsel. We'll take the matter under advisement. Thank you very much.